ROBERT F. REILLY, PLAINTIFF-RESPONDENT, v. WOLF COHEN, DEFENDANT-APPELLANT.

Submitted May term, 1927—Decided November 15, 1927.

Negligence—Injury to Plaintiff by Defendant's Motor Truck— The Injury was Result of a Collision of Defendant's Truck With Another Truck—Suit Tried Before, in Which Owner of Both Trucks Were Defendants, and a New Trial Ordered —Evidence Considered and No Grounds Found for Interfering With the Award Except for the Amount Included for Medical Services—This Amount Having Been Paid by Employer of Plaintiff, Should be Deducted From Amount of Award.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, David T. Wilentz.*

PER CURIAM.

This is the defendant's rule for a new trial. The action was originally against Cohen and the Farmer's Trucking Company, and judgment went for the plaintiff against both defendants on a former trial. This record presents the second trial of the case against Cohen alone, the former judgment having been reversed on his appeal. Both verdicts were in favor of the plaintiff for $20,000.

The reasons urged in support of the rule are that there was no proof of negligence in the defendant; that in any event the verdict was against the weight of the evidence; that the damages are excessive, and that the trial judge improperly directed the jury to allow a bill for medical services rendered to the plaintiff.

The action was to recover damages sustained by the plaintiff in an accident wherein he was jammed against an abutment of the Perth Amboy bridge by Cohen's bus and severely injured. The accident occurred September 26th, 1924. The plaintiff, an employe of the Standard Oil Company, was delivering gasoline to a gas tank required for operating an engine in the turning of the bridge. He had stopped his truck on the extreme westerly side of the bridge and was himself on the east side of the bridge directly opposite the truck. While in this position the bus of the defendant, driven by his chauffeur, approaching from the southerly end of the bridge, collided with a truck of the Farmers Trucking Company and was forced against the plaintiff and the abutment of the bridge. The allegation of negligence against the defendant's driver is that he operated the bus at excessive speed and without giving warning of his approach.

That the proofs were legally sufficient to impose liability on the defendant is settled by the Court of Errors and Appeals in its review of the first trial, in which the evidence was substantially the same as on the present trial. *Reilly* v. *Cohen,* 4 *N. J. Adv. R.* 676 (not yet officially reported), and on the weight of the evidence we think the verdict should not be disturbed. The collision happened in this manner: As the bus neared the standing gasoline truck a green truck coming from the north attempted to pass the gasoline truck and entered the space between the gasoline truck and the easterly side of the bridge. It in turn was followed by the truck of the Farmers Trucking Company. As the green truck was leaving the space between the gasoline truck and the plaintiff, the bus driver entered the same narrow space and as he did so collided with the truck of the Farmers Trucking Company. The morning was a foggy one in which it is said by appellant in his brief that one could not see further than twenty feet. In this situation defendant's driver, without being able to see what was ahead, proceeded without warning at a speed variously stated as from ten to twenty-five miles an hour through the narrow space without slowing down because, as stated by himself, he thought he had room, and that he took

a chance, although he later said that if both trucks proceeded he knew there would be a collision. The danger was thus evident to the driver himself as it must be to anyone to view of the fact that the whole width of the driveway on the bridge was less than twenty-five feet. The occasion, therefore, called for the exercise of extreme caution and we think it was well within the rights of the jury to conclude that the care required of the defendant's driver at the time was not exercised and that he was guilty of negligence.

Except as hereinafter referred to we think the damages were not excessive. The plaintiff suffered a rupture of the kidney, a fracture of the vertebræ, lacerated ligaments, concussion of the brain and unconsciousness. He was in the hospital five weeks, suffered great pain, which still continues; was unable to work for a year, and only then as a watchman. His injuries are permanent. The accident happened over three years ago, the verdict is the second for the same amount, and the present value of the loss as assessed by the jury is not such as to justify its modification by the court except in this respect: The learned trial judge directed the jury to allow $500 for medical services if the jury found for the plaintiff. We are unable to find any evidence in support of this claim. The charge was for a bill which the attending physician had rendered at the instance of the plaintiff's employer, the Standard Oil Company, by which company it had been voluntarily paid. There was no evidence from which liability of the plaintiff for the moneys so paid could be inferred.

The result we reach is that if the plaintiff will accept the sum of $19,500, the rule will be discharged; otherwise, it will be made absolute.